MELINDA HAAG (CSBN 132612)
United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE FIRST CIRCUIT COURT OF LOS SANTOS, LOS SANTOS PROVINCE, REPUBLIC OF PANAMA; MATTER OF TESTATE SUCCESSION ELI ARGELIS DIAZ (R.I.P.)

MISC NO. CV 13 80 173 MISC

**MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

    The United States District Courts are empowered by 28 U.S.C. § 1782 to subpoena witnesses and compel the production of documents on behalf of foreign and international tribunals. That statute provides that the order of the District Court may issue upon a letter rogatory issued by a foreign tribunal. In this case, the First Circuit Court of Los Santos, Los Santos Province, Republic of Panama, requests the U.S. Attorney's Office to obtain information and documents from the following banks located within the jurisdiction of this court: Bank of America Chestnut Street, 2200 Chestnut Street, San Francisco, California; Citibank in San Jose, California; and Citibank in San Francisco, California. The information and documents are sought by the Panamanian court for use in determining whether there are bank accounts registered in the name of ELI ARGELIS DIAZ a.k.a. ELLY ARGELIS MCKENZIE (R.I.P.), with personal identification document No. 8-193-803, and to establish the amount and the account numbers of the same.

    The authority of this Court to order the production of evidence for use in a proceeding in a

MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

1

foreign country is set forth in 28 U.S.C. § 1782:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal....The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

The legislative history shows that Congress intended for the United States to set an example for other countries in rendering international judicial assistance. The Senate report states:

> Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.
>
> It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures.

S.Rep. No. 1580, 88th Cong., 2d Sess., reprinted in 1964 U.S. Code Cong. & Adm. News 3782, 3783.

The proper criteria for determining whether the court should exercise its discretion in favor of assisting a foreign tribunal were outlined by the Ninth Circuit in 1977:

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal. This court also has held that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

In Re Request for Judicial Assistance from the Seoul District Criminal Court, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted). The request in this case shows that the information sought is for use in such a proceeding in Panama, and thus falls within the Federal Courts' authority. Therefore, the United States asks this Court to honor the request for assistance. Citibank has already voluntarily responded to the United States's request for information, and therefore the instant application is sought with respect to

MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

2

1  only Bank of America.
2       The reception of letters rogatory and the appointment of a Commissioner to execute them
3  are matters customarily handled ex parte, and persons with objections to the request raise those
4  objections by moving to quash any subpoenas issued by the Commissioner.  See, e.g., In Re Letters
5  Rogatory from the Toyko District, Toyko, Japan, 539 F.2d 1216, 1217 (9th Cir. 1976).  Nevertheless, a
6  courtesy copy of the application and supporting papers are being provided to Bank of America Chestnut
7  Street, 200 Chestnut Street, San Francisco, California, via certified mail.
8       Accordingly, the United States respectfully requests this Court to issue an order appointing a
9  Commissioner in order to execute the request for assistance.  A proposed order is submitted herewith.

Respectfully submitted,

MELINDA HAAG
United States Attorney

DATED: August 21, 2013

/s/ Neill
NEILL T. TSENG
Assistant United States Attorney
Attorneys for the United States of America

MEMORANDUM IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782