UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FROM THE FIRST CIRCUIT COURT OF LOS SANTOS, LOS SANTOS PROVINCE, REPUBLIC OF PANAMA; MATTER OF TESTATE SUCCESSION ELI ARGELIS DIAZ (R.I.P.) | Case No. 13-mc-80173-JST<br><br>**ORDER GRANTING APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: ECF No. 1 |

The United States petitions this Court for an order pursuant to 28 U.S.C. § 1782 appointing Assistant United States Authority Neill T. Tseng as Commissioner and authorizing him to obtain information from witnesses as requested in a letter rogatory from the First Circuit Court of Los Santos, Los Santos Province, Republic of Panama ("the Panamanian Court"). ECF No. 1.

I.   **BACKGROUND**

  A.   **Factual and Procedural Background**

The Panamanian Court is currently considering the Testate Succession Case of Eli Argeliz Diaz, a.k.a. Elly Argelis McKenzie. Exh. A to Application for Order Pursuant to 28 U.S.C. § 1782, ECF No. 1. The Panamanian Court has issued a letter rogatory requesting that the United States Attorney obtain information and documents from Northern California branches of Bank of America and Citibank, in order to determine whether there are bank accounts registered in the deceased's name and to establish the amount and the account numbers of the same. Id. According to the United States, Citibank has already voluntarily responded to the United States' request for information, but the United States now brings this application seeking an order necessary to obtain information from the Bank of America branch at 2200 Chestnut Street, San Francisco, California ("Bank of America branch"). Memorandum of Support of Application for Order Pursuant to 28 U.S.C. § 1782, ECF No. 2, at 2:26-3:1. "Letters Rogatory are customarily received and

appropriate action taken with respect thereto *ex parte*," In re Letters Rogatory from Tokyo Dist., Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976), but the United States has also provided courtesy copies of the application and supporting papers to the Bank of America branch. Id., at 3:5-7. Bank of America has not appeared to object to the requested relief.

### B. Jurisdiction

The district court has subject-matter jurisdiction over this matter specially conferred by 28 U.S.C. § 1782, and has personal jurisdiction over this case because the Bank of America branch is located in the Northern District of California. See In re Letter Rogatory from Local Court of Ludwigsburg, Fed. Republic of Germany in Matter of Smith, 154 F.R.D. 196, 199 (N.D. Ill. 1994).

### C. Legal Standard

"The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . .." 28 U.S.C. §1782(a). Such order may be made "pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal . . . and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court." Id.

However, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004). "In exercising its discretion, a district court should consider the following factors: (1) whether the 'person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance'; (3) whether the request 'conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" Matter of Application of O2CNI Co., Ltd., Case No. 13-cv-80125-CRB(LB), 2013 WL 4442288, at *5 (N.D. Cal. Aug. 15, 2013) (quoting Intel Corp., 542 U.S. at 264-65). "[D]istrict courts must exercise their discretion under § 1782 in light of the twin

aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . . ." Schmitz v. Bernstein Liebhard & Lifshitz, LLP., 376 F.3d 79, 84 (2d Cir. 2004) (internal citations and quotations omitted).

## II. ANALYSIS

"When considering an application for discovery pursuant to 28 U.S.C. § 1782, the court considers first whether it has the authority to grant the request and then whether it should exercise its discretion to do so." O2CNI, 2013 WL 4442288, at *5.

### A. Statutory Authority

The Bank of America branch is "found" within this judicial district, the information sought is "for use" in the Panamanian Court's proceedings, and the application is "made pursuant to a letter rogatory issued . . . by a foreign . . . tribunal." 28 U.S.C. § 1782(a). There is no reason at this point to anticipate that the information requests will "compel[]" any person "to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." Id. The Court therefore has the authority to grant the request.

### B. Discretion

Applying the Intel factors, the Court finds that the application should be granted. Since the Bank of America branch is a "nonparticipant[] in the foreign proceeding," it "may be outside the foreign tribunal's jurisdictional reach; hence, [its] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." Intel Corp., 542 U.S. at 264. Second, "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," are all factors which weigh in favor of granting the request, which comes from a foreign court that has specifically requested American federal assistance with a currently pending proceeding. Id. Third, there is no reason to suspect that "the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Id., 542 U.S. at 265.

Finally, while the United States' application does not specify the precise document or

deposition requests it will make, the information sought in the letter rogatory should be obtainable without requiring any "unduly intrusive or burdensome" requests.  Id.

## III.     CONCLUSION

Pursuant to 28 U.S.C. § 1782, the Court hereby ORDERS that Assistant U.S. Attorney Neill T. Tseng is appointed as Commissioner, that Mr. Tseng is authorized to issue subpoenas reasonably necessary to obtain the information sought in the letter rogatory (namely, whether there are bank accounts registered in the deceased's name and to establish the amount and the account numbers of the same), and to take all steps reasonably necessary for the accomplishment of the letter rogatory.

**IT IS SO ORDERED.**

Dated: September 3, 2013

JON S. TIGAR
United States District Judge